[J-6-2025] [MO: Dougherty, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : No. 32 EM 2023 |
| | : |
| | : On King's Bench petition from the |
| v. | : order of the Philadelphia County |
| | : Court of Common Pleas at |
| | : No. CP-51-CR-0407441-2004, |
| LAVAR BROWN | : dated May 5, 2023, granting |
| | : Brown's petition under the Post |
| | : Conviction Relief Act and vacating |
| PETITION OF: FAMILY MEMBERS OF | : the judgment of sentence entered |
| MURDER VICTIMS MICHAEL RICHARDSON | : on October 24, 2004, with the |
| AND ROBERT CRAWFORD | : consent of the Commonwealth. |
| | : |
| | : ARGUED: March 5, 2025 |

**CONCURRING OPINION**

**JUSTICE BROBSON**                                    **DECIDED: June 16, 2026**

I join the Majority Opinion in full. I write separately for two reasons. First, I would like to express my agreement with the Court's decision to exercise its King's Bench authority in this matter. Second, I wish to share my view that, although this matter concerns only Philadelphia County, common pleas courts throughout the Commonwealth should utilize the general principles to which the Majority alludes and I discuss below when faced with a prosecutor's concession of error in the context of petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546.

In civil and criminal matters, our judiciary relies on capable advocacy from opposing sides to dispense justice. In the PCRA setting, specifically, we have noted that our criminal justice system depends on the adversarial system to produce just results. *Commonwealth v. Lesko*, 15 A.3d 345, 383 (Pa. 2011). Along these lines, it is well settled that the ineffectiveness of defense counsel can so taint a criminal proceeding that the very reliability of the proceeding is called into question, warranting a new trial. *Id.*

But what happens if the prosecutor acts in a way that calls into question the reliability of the PCRA proceeding itself? What happens if the prosecutor concedes error where none exists? Even worse, what happens if the prosecutor withholds record evidence that contradicts the prosecutor's concession, causing a PCRA court to upend a lawful verdict against the interest of the community? Following this cascade, the absence of any adverse party at the table means the PCRA court's erroneous action, based on misleading advocacy from the Commonwealth's representative, escapes appellate review. Conversely, if a PCRA court denies relief under these circumstances, the petitioner and aligned prosecutor would jointly advocate for reversal on appeal, as Lavar Brown (Brown) and the Philadelphia District Attorney's Office (DAO) did in *Commonwealth v. Brown*, 196 A.3d 130 (Pa. 2018) (*Brown I*).

Importantly, however, a jury of Brown's peers convicted him in Philadelphia County and sentenced him to life in prison for his crimes. As we explained in *Brown I*, the community "has an interest in the verdict, which may . . . be disrupted only if a court finds legal error." *Brown I*, 196 A.3d at 146. To me, that is what this case is about and why we invoked our seldom used King's Bench authority here—to protect the community's interest in a verdict from prosecutor misfeasance or malfeasance in a subsequent PCRA proceeding. I agree with the Majority that the DAO acted in such a way in this matter as to taint the reliability of the PCRA court's decision below. While such an instance would require only reversal in the ordinary course, the Majority elucidates other examples that cast a pall on the reliability of the DAO's concessions in PCRA matters, particularly where the petitioner is facing a sentence of death. We cannot allow any party, elected or otherwise, to engage in such a systematic manipulation of our justice system.

To that end, in *Brown I*, we stressed the importance of "independent judicial review," even in cases where the prosecutor concedes error. *See Brown I*, 196 A.3d

at 146. That pronouncement, however, was not adequate to deter the DAO from engaging in conduct that undermines the judiciary's independence. To ensure the reliability and integrity of our criminal justice system, and particularly the authority of PCRA courts to engage in independent judicial review, we must act. *See In re Bruno*, 101 A.3d 635, 688 (Pa. 2014) (discussing breadth of Court's "supreme" authority over Pennsylvania judiciary).

In doing so, the Majority employs remedies properly aimed only at Philadelphia County. I am of the view, however, that PCRA courts throughout the Commonwealth will benefit from the lessons learned in this case when faced with similar circumstances. More specifically, when the Commonwealth concedes that a petitioner is entitled to PCRA relief, the PCRA court initially must make an independent determination as to whether the petitioner triggered the court's jurisdiction by timely filing the petition at issue. *See* 42 Pa. C.S. § 9545(b) (explaining jurisdictional time limits for seeking PCRA relief). If the PCRA court concludes that the petitioner failed in this regard, absent allowing amendment, the court must deny the petition as untimely filed.

If, on the other hand, the PCRA court determines that it does have jurisdiction to grant PCRA relief, this Court's case law expressly holds that the PCRA court cannot order relief simply because the parties agree that relief is due to the petitioner. Rather, as noted above, "the PCRA requires *judicial merits review* favorable to the petitioner before any relief may be granted." *Brown I*, 196 A.3d at 145 (emphasis in original); *see id.* ("A confession of error by the Commonwealth does not constitute a judicial ruling in [a PCRA petitioner's] favor, and thus is insufficient for any grant of relief under the PCRA."). Stated differently, "[t]he prosecutor does not decide whether a defendant is entitled to relief under the [PCRA]. This is the exclusive province of the PCRA court." (Maj. Op. at 1 (footnote omitted).)

In conducting this review, PCRA courts should scrupulously and independently assess the prosecutor's concession of error on the record. While a PCRA court may rely upon stipulated facts, "for a stipulation to be enforceable[,] it must be valid." *Commonwealth v. Perrin*, 291 A.3d 337, 345 (Pa. 2023). Logically, for a stipulated fact to be valid, the record must support the stipulation, and the stipulation must not tread on areas that "are inherently and traditionally the prerogative of the judiciary." *Id.* For example, in PCRA proceedings, the PCRA court acts as the exclusive fact finder and makes credibility determinations. *Commonwealth v. Mitchell*, 141 A.3d 1277, 1282 (Pa. 2016). Consequently, parties to a PCRA proceeding cannot stipulate to a fact when doing so infringes on the PCRA court's role. In other words, a stipulated fact is invalid if its verity turns on witness credibility or related PCRA court functions, such as drawing inferences.

In my view, when a PCRA court is presented with a prosecutor's concession of error, as well as, in some instances, valid stipulated facts, that demonstrate that relief is due to the petitioner, the PCRA court should grant the appropriate relief, but only in the clearest cases. In those cases that are not so clear, a PCRA court should consider the prosecutor's concession of error, any stipulated facts from the parties, and the position of any intervenors or *amici*, all as a means to aid the court in its disposition of the PCRA petition. In addition, when any interested person seeks intervention to oppose a prosecutor's concession of error, PCRA courts should grant intervention liberally, ensuring an adversarial proceeding and greater confidence in a just result.

Justice Mundy joins this concurring opinion.